HLD-002 (November 2012)                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3947
_____

IN RE:  TORMU E. PRALL,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 1:11-cv-07004)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 2, 2012
Before:  MCKEE, Chief Judge, ALDISERT and BARRY, Circuit Judges

(Opinion filed: March 26, 2013)

_____

OPINION
_____


PER CURIAM

Pro se litigant Tormu E. Prall has petitioned this Court for a writ of mandamus

directing or asking the United States District Court for the District of New Jersey to

expeditiously or promptly "screen and serve his complaint, summonses, and motion for

temporary restraining order and order to show cause for a preliminary and permanent

injunction."

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have the District Court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay complained of by Prall does not rise to the level of a failure to exercise jurisdiction. Prall filed his complaint in December 2011. He then filed a Federal Rule of Civil Procedure 10(c) motion in June 2012 and an addendum to his complaint in September 2012. The Magistrate Judge assigned to Prall's case denied Prall's Rule 10(c) motion in October 2012. Although approximately one year has passed since Prall filed his original complaint, the delay "does not yet rise to the level of a denial of due process." Id. We are fully confident that the District Court will rule on Prall's complaint without undue delay. Thus, the extraordinary remedy of mandamus is not warranted in this case.

Accordingly, we will deny the petition for a writ of mandamus.

2